INDUSTRIAL TRUST COMPANY, Trustee *vs.* HENRY F. COLWELL *et als.*

JANUARY 11, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

1.  *Cloud on Title. Evidence. Adverse Possession.*

In a proceeding in equity to remove a cloud upon title, under the defence of adverse possession by testator, a bill in equity brought by testator in his life time asserting title to the property, was properly admitted.

*2.   Adverse. Possession.*

Where one had asserted an intention by the filing of a bill in equity to claim property adversely, his subsequent dealings with the property, by removing a building therefrom; by the purchase of additional land 'and the erection of buildings to be used in connection with the original property; by his occupancy of the estate exclusively and by his provision in his will in relation thereto, are consistent with a continuing adverse intent, and the service of process under the bill in equity upon the respondents was notice to them of the adverse claim.

BILL IN EQUITY to remove cloud on title. Heard on appeal of respondents and appeal dismissed.

VINCENT, J.   This is a bill in equity and comes before this court on the appeal of Alfred G. Chaffee as guardian of the person and estate of Elizabeth M. Colt, and also her guardian *ad litem*, from the final decree of the Superior Court.   The purpose of the bill is to remove a cloud on the title of the Industrial Trust Company as trustee, under the will of the late Samuel Pomroy Colt, on certain real estate situated in the Town of Bristol and known as the "Homestead Estate."

On February 13, 1923 the Industrial Trust Company, as such trustee, brought its bill in equity in the Superior Court against Henry F. Colwell, Elizabeth M. Colt, a person *non compos mentis*, Russell G. Colt and Roswell C. Colt.

The land in question is described in the bill of complaint as follows:   (1) That certain tract or parcel of land with the buildings and improvements thereon, known as the DeWolf House Estate. bounded on the west by Hope Street, on the south by Norris, Wardwell, Seagrave and Methodist Church land, on the east on land formerly of Hannah B. Smith, and on the north in part by said Centre or Central Street, in part on land formerly of William Dimond, in part on land formerly of William E. Chadwick and in part on the other two tracts hereinafter described; (2) that certain tract or parcel of land with the buildings and improvements thereon, bounded northerly on said Wardwell Street, on which it measures about 53 feet, and holding the same

width extends back about 64 feet to, and bounds southerly on said DeWolf House Estate, so-called, bounding easterly on land formerly of J. Russell Bullock and westerly on the remaining tract hereinafter described; (3) that certain tract or parcel of land with the buildings and improvements thereon bounded westerly on Hope Street, southerly on said DeWolf House Estate, easterly on the tract last above described and westerly on said Wardwell Street.

The title to these parcels of real estate was acquired by Samuel Pomroy Colt prior to 1880. He also acquired later other real estate adjoining that already described. These additional purchases do not require our consideration as it is not claimed that there is any cloud upon the title of the later acquired portions.

On May 17, 1880 Col. Colt, then unmarried, executed a quitclaim deed conveying to Francis Colwell the three parcels of land described.

On September 2, 1893, Francis Colwell executed an instrument purporting to be a declaration of trust, in and by which he proclaimed that he held the premises, so conveyed to him, in trust for Elizabeth M. Colt, wife of Samuel P. Colt and their children, for the term of ten years from September 2, 1893, and that at the expiration of said period of ten years an absolute conveyance of the property would be made to the beneficiaries.

This declaration of trust and the prior quitclaim deed covering the property were both recorded, at the instance of Mrs. Colt, in the office of the town clerk of Bristol in October 1893.

On April 29, 1896 Col. Colt filed a bill in equity in the Appellate Division of the Supreme Court setting forth that the deed to Colwell in 1880 was not intended to be absolute in form, but on the contrary was intended to take effect only as a mortgage; that the obligation which it was intended to secure had been satisfied; that the declaration of trust was invalid because it was not authorized by him and that both instruments had been recorded without his knowl-

edge. The bill prayed for the reconveyance of the property to Col. Colt and for a decree adjudging the declaration of trust void. The respondents named in that suit were Francis Colwell, Elizabeth M. Colt and the two minor children, Russell G. Colt and Roswell C. Colt. Upon these parties service was duly made. A guardian *ad litem* was appointed for the infant defendants, Russell G. Colt and Roswell C. Colt and answers were filed by Elizabeth M. Colt and the guardian of the two minors. Colwell filed no answer. This cause was never set down for hearing and is still pending in the Superior Court.

The bill of the Industrial Trust Company now before us after setting forth various facts prays that this court will declare by its decree that the complainant holds the title of the three parcels of land in question in fee simple as trustee under the will of Col. Colt; that the alleged deed of May 17, 1880, and declaration of trust of September 2, 1893, be declared void; that the defendants convey all their rights, title and interest in the property to the complainant, and that the deed to Colwell and Colwell's declaration of trust, constituting a cloud on the title, be delivered to the complainant for cancellation.

The defendants in the present case are Henry F. Colwell, who has inherited through his mother, Anna F. Colwell, all the interest that Francis Colwell might have had in the property in question; Elizabeth M. Colt, who being a person *non còmpos mentis* is represented by her guardian *ad litem,* and Russell G. Colt and Roswell C. Colt.

A decree *pro confesso* was taken against Henry F. Colwell by his consent; the guardian *ad litem* of Elizabeth M. Colt has filed an answer submitting her rights to the court. Russell G. Colt and Roswell C. Colt have filed answers leaving the complainant to its proof.

The case was heard on bill, answers and proofs in the Superior Court; briefs were submitted and the complainant was found to be entitled to the relief for which it prayed.

Following the decision of the Superior Court a decree was entered declaring that the deed from Samuel P. Colt to Francis Colwell dated May 17, 1880, and recorded in the records of land evidence of the town of Bristol in deed book 43 at page 372 and the declaration of trust by Francis Colwell dated the 2nd day of September, 1892, and recorded in said records of land evidence in deed book 51 at page 464 were, at the date of the decease of Samuel P. Colt and are now inoperative, void and of no effect; that Samuel P. Colt died seized and possessed of an absolute estate in fee simple in the real estate described in said deed and declaration of trust and that the complainant as trustee under the will of Samuel P. Colt is now seized and possessed of an absolute estate in fee simple therein, free and clear of any lawful claim of the defendants; that the defendant Henry F. Colwell sole heir-at-law of said Francis Colwell and sole devisee under the will of Anna F. Colwell, the sole devisee under the will of Francis Colwell shall give a deed of the property in question to the complainant trustee; that Alfred G. Chaffee, guardian *ad litem* of Elizabeth M. Colt, shall deliver to the complainant the original deed and declaration of trust for cancellation.

The complainant contends (1) that the declaration of trust of 1893 is invalid because it was intended to take effect only upon a condition, and the condition never occurred; (2) that the declaration of trust is invalid because it was not authorized in writing according to the requirements of the Statute of Frauds; (3) that if Col. Colt ever lost title to the real estate he acquired it again by adverse possession; (4) that the contentions of the respondents, raising what amounts to affirmative defences to the granting of relief, are unsound; and (5) that the evidence which the guardian *ad litem* contends was erroneously introduced, was admissible.

The complainant argues that even if it be assumed that the deed to Colwell and the latter's declaration of trust were valid, and operative without the fulfillment of any condition,

and that prior to April 29, 1896, the possession of Col. Colt had not been adverse, Col. Colt has since acquired a good title by adverse possession under our statute.

On April 29, 1896, Col. Colt filed his bill in equity in which he prayed for a reconveyance of the property and a decree adjudging the declaration of trust void.

(1)     This bill in equity was introduced in evidence in the Superior Court for the purpose of showing that Col. Colt, at the time when his bill was filed, had publicly asserted his ownership of the property in question.   The introduction of this evidence was objected to and it is now claimed here that it was inadmissible and improper.   We think it was properly admitted for the purpose stated.   It constituted positive evidence that whatever may have been the previous attitude of Col. Colt regarding this property, he at that time, and in a public manner claimed it as his own.

The respondents cite the case of *Tefft* v. *Reynolds*, 43 R. I. 538, to the effect that "the law presumes that the character of the occupation having been at first not adverse, continues to be of the same nature in the absence of some conduct indicating a change."   The respondents also cite the case of *Collins* v. *Colleran*, 86 Minn. 199.   In that case the court held that where the relationship of father and son existed between the parties the possession of the land of the one by the other is presumed to be permissive and not adverse.   To make such possession adverse there must be some open assertion of hostile title other than mere possession, and knowledge thereof must be brought home to the one who owns the land.

We have no criticism to make upon the law thus laid down in the two cases mentioned.   The situation here naturally leads to the consideration of the question whether there was or not conduct on the part of Col. Colt indicating a change beginning by the filing of his bill in equity in 1896 and continuing through him and this complainant down to the present time.

The filing of the bill in equity in 1896 constituted a direct and open assertion of an adverse claim on the part of Col. Colt. The parties respondent to that bill were the same in interest as those in the present suit. They were duly notified of the pendency of the bill because they were duly served by subpoena and made answer thereto. It cannot be reasonably claimed that the parties respondent in the Colt bill of 1896 were unaware that, at that time, the attitude of Col. Colt was adverse to any claim of title on the part of Mrs. Colt. At no time before the commencement of that suit did the Colwells, Mrs. Colt or her sons assert any title to the premises in question or act in any way which might be considered indicative of a claim of right therein unless the fact that Mrs. Colt caused the deed and declaration of trust to be recorded might be said to be an act of that description. Such recording, however, was not followed by any attempt, on the part of Mrs. Colt, to assume any authority or control over the premises in question.

(2) Having reached the conclusion that the act of Col. Colt in filing the bill before referred to in 1896 signified an intention to claim the property adversely it now remains for us to consider both his and the complainant's subsequent dealings with the same with a view to determining their consistency with a continuing adverse intent.

On April 29, 1896, Col. Colt removed from the premises an important building to another site, and at other times purchased additional land adjoining that now in question, erected buildings thereon, which, although separate and isolated, were designed and fitted for use only in connection with the estate which is now the subject of this controversy. For many years prior to his death Col. Colt occupied the whole estate as his residence exclusively, separate and apart from Mrs. Colt. The taxes were always paid by Col. Colt during his lifetime and have since been paid by the complainant, and as the Superior Court says in its rescript, "every act that the owner of the clear, unencumbered title would ordinarily perform was performed by Samuel P.

Colt; . . . he expended moneys necessary to keep the same up, improved the same, and the entire record shows not one matter or thing in which he admitted title or ownership in anyone else at the time of drawing his will in 1917, in which he made ample and liberal provision that the property should descend to the last surviving grandchild of himself and the respondent, Elizabeth M. Colt.''

The respondents do not claim that the statute does not run in favor of one as against the other, in cases of man and wife, provided that one is in exclusive possession of the other's land and his possession is hostile or adverse to the other, and there is a clear and definite notice of the adverse claim and an obvious intention to assert an exclusive ownership.

We think that the Superior Court was correct in its finding that Col. Colt had acquired title by possession and that the deed to Colwell and the declaration of trust by Colwell constituted a cloud upon the title of the complainant which should be removed.

Having thus reached a conclusion which is decisive of the case we need not extend this opinion by considering the other questions which the respondents have raised.

The appeal of the respondents is dismissed. The decree of the Superior Court is affirmed and the case is remanded to said court for further proceedings.

*Claude R. Branch, William H. Edwards, Edwards & Angell,* for complainant.

*Comstock & Canning, Edward M. Brennan,* for respondent.